UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARDENT SERVICES, L.L.C.,

Plaintiff,

v. Case No: 8:25-cv-01821-JLB-CPT

C.H. ROBINSON TRANSPORTATION COMPANY, INC., C.H. ROBINSON COMPANY, INC., and PERCY MOTOR XPRESS, LLC,

Defendants.
___________________________________/

**ORDER**

Plaintiff Ardent Services L.L.C. ("Ardent") sues Defendants C.H. Robinson Transportation Company, Inc., C.H. Robinson Company, Inc. (collectively "C.H. Robinson"), and Percy Motor Xpress, LLC ("Percy"), for breach of contract, negligence, and breach of bailment, arising from a delivery of damaged batteries. (Doc. 1). C.H. Robinson and Percy each move to dismiss Ardent's Complaint (Doc. 1) for failure to state a claim, (Docs. 22, 28), and Ardent responded to each motion (Docs. 31, 32). Upon careful review, the Court concludes that Ardent's Complaint (Doc. 1) is due to be **DISMISSED without prejudice** for failure to state a claim. However, Ardent's negligence claim is **DISMISSED with prejudice** as to Defendants C.H. Robinson Transportation Company, Inc. and C.H. Robinson Company, Inc. Moreover, to the extent that Ardent's proposed first amended

complaint would be consistent with this Order, Plaintiff's Unopposed Motion for Leave to File First Amended Complaint (Doc. 94) is **GRANTED**.

## BACKGROUND[1]

As best the Court can discern, the complaint alleges as follows: Ardent contracted with Florida Power & Light Company ("FPL") to procure Samsung E4D battery modules (the "batteries") and deliver them to FPL's battery energy storage system in Parrish, Florida. (*Id.* at ¶ 7). Ardent contracted with C.H. Robinson to transport the batteries from Cape Canaveral, Florida, to Parrish.[2] (*Id.* at ¶ 8). Eleven successful shipments of 128 batteries—16 pallets—were made to Parrish. Each shipment used airbags and/or pillows to protect the batteries during transit. (*Id.* at ¶¶ 9–10).

On September 22, 2023, Ardent entered into a separate contract with C.H. Robinson to deliver another shipment of batteries to Parrish—its twelfth overall delivery of batteries. (*Id.* at ¶ 11). The shipment terms were FOB destination. (*Id.* at ¶ 12). However, Ardent alleges that, unbeknownst to it, C.H. Robinson subcontracted to Percy to transport the batteries to Parrish. (*Id.* at ¶ 13). The batteries were in good condition when C.H. Robinson and/or Percy left Cape

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited in the Complaint. (*See* Doc. 1).

[2] For simplicity, the Court refers to C.H. Robinson as a single entity, although each of Ardent's claims refer to "Defendants C.H. Robinson Transportation Company, Inc., *and/or* C.H. Robinson Company, Inc." (*See, e.g.*, Doc. 1 at ¶ 8) (emphasis added).

Canaveral, Florida, but were damaged upon arrival in Parrish, Florida, after shifting during transit. (*Id.* at ¶¶ 14–16, 18). Ardent alleges that the batteries shifted because, without Ardent's knowledge and consent, C.H. Robinson and/or Percy failed to use air bags and/or pillows for that shipment. (*Id.* at ¶¶ 16–17).

On July 15, 2025, Ardent filed its Complaint here. (*Id.*). Ardent sues each of the Defendants for breach of contract, negligence, and breach of bailment. (*Id.*). C.H. Robinson and Percy move to dismiss Ardent's Complaint for failure to state a claim. (Docs. 22, 28).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint also must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Twombly*, 550 U.S. at 555. And the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citation omitted). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially

plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

When considering dismissal, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

**DISCUSSION**

Defendants argue that Ardent's Complaint (Doc. 1) should be dismissed for failure to state a claim. While Ardent is entitled to plead its claims in the alternative, its complaint is pleaded confusingly and ambiguously. Therefore, dismissal is warranted. Moreover, Ardent fails to state a claim for negligence as to C.H. Robinson and for breach of bailment as to any Defendant. The Court will discuss each issue in turn.

## I. Ardent Fails to State a Claim for Breach of Contract as to Percy Because Ardent's Complaint Is Ambiguous Regarding Whether Ardent Had a Contract with Percy.

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A plaintiff may plead as many claims as the plaintiff wants, and plead those claims in the alternative, regardless of consistency. Fed. R. Civ. P. 8(d)(2)–(3). However, while no technical form is required for pleadings, each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Where a plaintiff lacks sufficient information to plead its claims with specificity, it may plead broadly. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271–74 (11th Cir. 2009). For example, in *Mazer*, a district court dismissed a complaint for failure to state a claim because the court found the plaintiff's allegation that the president of the corporation acted both personally and on behalf of the corporation "irreconcilably inconsistent." *Id.* at 1273. In reversing the district court, the Eleventh Circuit explained that, while it was "true that the complaint contain[ed] a degree of ambiguity," plaintiffs are entitled to plead "both alternative and inconsistent claims." *Id.* Moreover, the Eleventh Circuit noted that it was "hard to imagine how [plaintiff] could have [pleaded] its case with greater specificity or accuracy at this stage" because the plaintiff simply did not have access to the information it would have needed to plead more specifically. *Id.* at 1274.

Still, courts within this circuit have recognized that a complaint may fail to state a claim where a plaintiff's usage of terms such as "and/or" crosses the line from pleading in the alternative to pleading "in the ambiguous." *See, e.g.*, *J & J Sports Prods., Inc. v. Torres*, No. 6:09–cv–391–Orl–19DA, 2009 WL 1774268, at *3 (M.D. Fla. June 22, 2009); *Joe Hand Promotions, Inc. v. Creative Ent., LLC*, 978 F. Supp. 2d 1236, 1240 (M.D. Fla. 2013); *Farr v. Daling*, 684 F. Supp. 3d 1322, 1335 (N.D. Ga. 2023). For example, in *Farr v. Daling*, a plaintiff pleaded claims under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment right to due process, Fourteenth Amendment right to equal protection, "and/or" violation of his First Amendment right to freedom of speech. 684 F. Supp. 3d at 1335. The *Farr* court dismissed the complaint as a shotgun pleading because it was "unclear whether the constitutional violations are alleged in the conjunctive, disjunctive, or alternative" and the "and/or" style of pleading created "confusion about which facts apply to which alleged constitutional violation." *Id.* Similarly, in *J & J Sports Productions v. Torres*, the court dismissed a copyright claim that was pleaded in the "and/or" form because it failed to properly plead direct liability, and vicarious liability was not one of the "more likely explanations" for employees' conduct based on the language that the plaintiff had selected. 2009 WL 1774268, at *3 (quoting *Iqbal*, 556 U.S. at 681).

That said, usage of "and/or" does not inherently create ambiguities. *See, e.g.*, *G & G Closed Cir. Events, LLC v. Miranda*, No. 2:13–cv–2436–HRH, 2014 WL 956235, at *2 (D. Ariz. Mar. 12, 2014); *Zuffa, LLC v. Roldan*, No. 3:14–cv–795–J–

32PDB, 2015 WL 12862924, at *4 n.5 (M.D. Fla. Aug. 13, 2015), *report and recommendation adopted*, 2015 WL 13793317 (M.D. Fla. Sep. 28, 2015); *Jara v. Nunez*, No. 6:13-cv-1426-Orl-37GJK, 2015 WL 8659954, at *3 (M.D. Fla. Dec. 14, 2015); *United States v. Inst. of Cardiovascular Excellence, PLLC*, No. 5:11–cv–406–Oc–37TBS, 2015 WL 12866448, at *3 n.5 (M.D. Fla. Nov. 5, 2015). Rather, "[p]leading 'in the ambiguous' most commonly occurs when a plaintiff uses 'and/or' several times in a sentence or when the use of 'and/or' provides for the liability of alternative defendants." *Jara*, 2015 WL 8659954, at *3; *Inst. of Cardiovascular Excellence, PLLC*, 2015 WL 12866448, at *3 n.5.

Here, Ardent's usage of "and/or" crosses the line from pleading in the alternative to an ambiguous pleading because it is unclear whether Ardent had contracted with Percy in the first instance. This is important. Ardent brings a breach-of-contract claim and a negligence claim against Percy for its actions in transporting the batteries. (*See* Doc. 1). Based on the ambiguous wording of the complaint, Percy, unsurprisingly, moves to dismiss the contract claim for failure to properly allege the existence of a contract. And to the extent there is a contractual relationship between Percy and Ardent, Percy argues dismissal is appropriate based on Florida's independent tort doctrine (Doc. 28 at 6–10).

Under Florida law, a breach of contract claim requires the plaintiff to prove the existence of a valid contract, *Deauville Hotel Management, LLC v. Ward*, 219 So. 3d 949, 953 (Fla. 3d DCA 2017), and "[t]he independent tort doctrine is a general principle of law that provides a plaintiff may not recover in tort for a contract

dispute unless the tort is independent of any breach of contract." *Costa Invs., LLC v. Liberty Grande, LLC*, 353 So. 3d 627, 632 (Fla. 4th DCA 2022) (internal quotation marks omitted). Thus, whether Ardent can state a claim against Percy for breach of contract or for negligence hinges on (1) whether Ardent had a contract with Percy in the first instance; and, if so, (2) whether the duties Percy owed to Ardent under that contract were independent of other tort duties that Percy owed to Ardent.

But Ardent's Complaint (Doc. 1) is ambiguous about whether Ardent had a contract with Percy. (*See* Doc. 1 at ¶¶ 8, 13, 24). On one hand, Ardent plainly alleges that it had a contract with only C.H. Robinson and that C.H. Robinson subcontracted the delivery of batteries to Percy "[w]ithout Ardent's knowledge or consent."[3] (*Id.* at ¶¶ 8, 13). Indeed, it would make little sense for Ardent to allege that C.H. subcontracted the delivery to Percy if Ardent had a delivery contract with Percy. But Ardent nonetheless alleges that it "contracted with [C.H. Robinson] and/or [Percy]" to deliver the batteries in working order. (*Id.* at ¶ 24). Neither of Ardent's allegations is stated in the alternative or hypothetical. (*See id.* at ¶¶ 8, 13, 24). It is simply unclear whether Ardent plausibly alleges that it had a contract with Percy in a manner that is not "speculative." *See Twombly*, 550 U.S. at 555. What is more, Ardent's allegations provide no insight into the nature by which Ardent alleges Percy owed it contractual duties, whether through the contract between Ardent and C.H. Robinson or between C.H. Robinson and Percy. (*See* Doc.

---

[3] Moreover, Ardent provides no allegations as to how C.H. Robinson's contractual duties to Ardent might have flowed to Percy under this scenario or how it might be a beneficiary of the contract between C.H. Robinson and Percy.

1 at ¶¶ 7–27). Without allegations that are "clearly and succinctly" articulated, the Court is unable to determine whether Ardent states a claim as to Percy for breach of contract or negligence. *See J & J Sports Prods., Inc.*, 2009 WL 1774268, at *3.

The Court's dismissal of Ardent's Complaint (Doc. 1) because of the Complaint's ambiguity is in line with the reasoning adopted by other courts, which recognize that an "and/or" complaint most commonly becomes ambiguous when the "and/or" allegation "provides for the liability of alternative defendants." *Jara*, 2015 WL 8659954, at *3; *Institute of Cardiovascular Excellence, PLLC*, 2015 WL 12866448, at *3 n.5. Thus, Ardent's Complaint (Doc. 1) fails to state a claim for breach of contract as to Percy and is properly dismissed without prejudice.[4] Ardent's breach of contract claim against C.H. Robinson, however, survives, at least for now.

---

[4] Defendants also argue that Ardent's Complaint is a shotgun pleading because it alleges "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." (Docs. 22, 28 (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015))); *see, e.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (affirming the dismissal of a "quintessential" shotgun pleading where the complaint named fourteen defendants and all defendants were charged in each count). However, unlike *Magluta*, because Plaintiff's Complaint (Doc. 1) names each individual Defendant on each reference to the Defendants, the Court is unconvinced that Plaintiff's style of pleading "fail[s] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" or would prevent Defendants from framing answers to an amended complaint. *Weiland*, 792 F.3d at 1323.

## II. Ardent Fails to State a Claim as to C.H. Robinson for Negligence Because of Florida's Independent Tort Doctrine.

Ardent (unambiguously) alleges that, on September 22, 2023, it entered into a contract with C.H. Robinson for C.H. Robinson to deliver a shipment of batteries to Parrish, Florida. (Doc. 1 at ¶ 8). It also alleges that C.H. Robinson was negligent by not packing the batteries with airbags and pillows to protect them during their transit from Cape Canaveral to Parrish. It also fails to allege a duty, breach of duty, and damages *independent* of the contract. Indeed, it seeks the same amount of damages it sought in its breach-of-contract claim. Florida's independent tort doctrine bars Ardent's negligence claim against C.H. Robinson.

Under the independent tort doctrine, a party is barred from bringing a tort claim stemming from a contractual relationship between the parties. *See Island Travel & Tours, Co. v. MYR Indep., Inc.*, 300 So. 3d 1236, 1239 (Fla. 3d DCA 2020) ("It is a fundamental, long-standing common law principle that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract."); *Costa Invs., LLC*, 353 So. 3d at 632 ("The independent tort doctrine is a general principle of law that provides a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract.") (citation and internal quotation marks omitted); *Atout as Tr. of HHM Land Tr. Dated Oct. 29, 2013 v. Rozanc*, No. 6D2023-2302, 2026 WL 2207239, at *5 (Fla. 6th DCA 2026) (collecting cases). "[A] breach of contract, alone, cannot constitute a cause of action in tort . . . . It is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such breach can constitute

negligence." *Elec. Sec. Sys. Corp. v. S. Bell Tel. & Tel. Co.*, 482 So. 2d 518, 519 (Fla. 3d DCA 1986). And, critically, in determining whether a tort is "independent" of a contract, Florida courts consider whether the alleged tort duty "coincides or overlaps with a duty imposed by a contract. If the duty at issue is within the scope of a contract, and the relationship of the parties that led to the creation of that duty stems from a contract, then that duty's source is from contract and any alleged tort claims based on a breach of those duties may not be 'independent.'" *Atout as Tr. of HHM Land Tr. Dated Oct. 29, 2013*, 2026 WL 2207239, at *5.

Applying that law, the Court finds that Florida's independent tort doctrine bars Ardent's negligence claim as to C.H. Robinson because the negligence claim arises from Ardent's contractual relationship with C.H. Robinson. (*See* Doc. 1). The duty of care that Ardent alleges that C.H. Robinson breached fully "coincides . . . with a duty imposed by [the] contract." *See Atout as Tr. of HHM Land Tr. Dated Oct. 29, 2013*, 2026 WL 2207239, at *5; *see also Dorvil v. Nationstar Mortg. LLC*, No. 17-23193-CIV, 2019 WL 1992932, at *17 (S.D. Fla. Mar. 26, 2019) ("Plaintiff may not repackage these breach of contract claims as independent actions in tort."). Therefore, dismissal with prejudice of Ardent's negligence claim as to C.H. Robinson is proper. As to Ardent's negligence claim against Percy, the Court dismisses that claim without prejudice.

## III. Ardent Fails to State a Claim for Breach of Bailment as to Any Defendant Because It Fails to Allege Exclusive Possession.

Finally, Ardent fails to state a claim for breach of bailment as to any Defendant. Under Florida law, a plaintiff states a claim for breach of bailment

when it "shows that the bailed property was delivered to the bailee in good condition and that it was damaged while it was in the care, custody, and control of the bailee." *Millenium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007). "As a 'general rule, delivery of the item to the bailee must give [the bailee] the right to exclusive[ly] use and possess[ ] the item.'" *Glob. Network Mgmt., LTD. v. Centurylink Latin Am. Sols., LLC*, 67 F.4th 1312, 1319 (11th Cir. 2023) (quoting *Meeks ex rel. Estate of Meeks v. Fla. Power & Light Co.*, 816 So. 2d 1125, 1129 (Fla. 5th DCA 2002)).

Here, Ardent's Complaint (Doc. 1) does not allege that the batteries were in the exclusive possession of any of the Defendants. (*See* Doc. 1 at ¶¶ 32–35). Moreover, for the reasons stated previously, it is unclear whether Ardent alleges a breach-of-bailment claim in the alternative as to each Defendant, or alleges that all Defendants possessed the batteries. (*See id.* at ¶ 32). Thus, Ardent's breach of bailment claim is dismissed without prejudice for failure to allege exclusive possession.

Accordingly, it is **ORDERED** that:

1. Defendants C.H. Robinson Transportation Company, Inc. and C.H. Robinson Company, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 22) is **GRANTED in part** and **DENIED in part**, and Defendant Percy Motor Xpress, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. 28) is **GRANTED**.

2. Count I of Plaintiff Ardent Services L.L.C.'s Complaint (Doc. 1) against Defendant Percy Motor Xpress, LLC for breach of contract is **DISMISSED without prejudice**.

3. Count II of Plaintiff Ardent Services L.L.C.'s Complaint (Doc. 1) for negligence as to Defendants C.H. Robinson Transportation Company, Inc. and C.H. Robinson Company, Inc. is **DISMISSED with prejudice** for failure to state a claim.

4. Count II of Plaintiff Ardent Services L.L.C.'s Complaint (Doc. 1) for negligence against Percy Motor Xpress, LLC is **DISMISSED without prejudice** for failure to state a claim.

5. Count III of Plaintiff Ardent Services L.L.C.'s Complaint (Doc. 1) against Defendants C.H. Robinson Transportation Company, Inc., C.H. Robinson Company, Inc., and Percy Motor Xpress, LLC for breach of bailment is **DISMISSED without prejudice**.

6. Plaintiff shall have **twenty-one (21) days** from the date of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal without further notice. In keeping with the above, Plaintiff's Unopposed Motion for Leave to File First Amended Complaint (Doc. 94) is **GRANTED** to the extent that Ardent's first amended complaint would be consistent with this Order.

7. No new claims may be added should Plaintiff file an amended complaint, except for the claims proposed in Plaintiff's Unopposed Motion for Leave to File First Amended Complaint (Doc. 94).

**ORDERED** in Tampa, Florida, on September 10, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE